IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS MENDOZA MUNOZ,

    Plaintiff,

v.   No. 2:21-cv-01192-KWR-KRS

FNU WALLSMITH, ET AL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Luis Mendoza Munoz's failure to comply with 28 U.S.C. § 1915(a)(2) and Court Orders. Munoz filed his *pro se* Prisoner Civil Rights Complaint (Doc. 1) on December 16, 2021 while incarcerated at FCI Herlong. The Complaint was not accompanied by the $402 filing fee. By an Order entered January 3, 2022, the Court directed Munoz to prepay the fee or file an *in forma pauperis* motion "along with an account statement reflecting transactions between **June 16, 2021 and December 16, 2021**." *See* Doc. 2 at 1 (emphasis in original). The account statement is required by statute in all cases where, as here, an inmate files a complaint without prepaying the filing fee. *See* 28 U.S.C. § 1915(a)(2). The Clerk's Office mailed Munoz a blank *in forma pauperis* motion, which includes instructions about the inmate account statement. Munoz was warned that the failure to timely comply may result in dismissal of this case without further notice.

Munoz filed a Motion to Proceed *In Forma Pauperis* but did not include an account statement. *See* Doc. 3. It appears Munoz received the Order while incarcerated at FCI Herlong, where it was mailed, but the Motion indicates he moved to Washoe County Jail in Nevada on January 11, 2022. *Id.* at 2, 5. He also included a letter asking mail to be sent to Marisol Mendoza

at a Colorado address. Thereafter, mail was returned as undeliverable, and the Court issued a separate Order to Show Cause regarding Munoz's address. The Court quashed the Order to Show Cause after confirming the Colorado mailing address, but neither Order addressed § 1915 or excused the requirement to file a six-month account statement. *See* Docs. 6, 7. Munoz has not paid any portion of the filing fee, attempted to explain his failure to provide a six-month account statement, or otherwise addressed the Cure Order entered January 3, 2022. Even if Munoz was released from Washoe County Jail after filing the case – and there is no indication that happened – he must still comply with the statutory requirements of § 1915(a)(2). *See Brown v. Eppler*, 725 F.3d 1221, 1228-31 & n.7 (10th Cir. 2013) (plaintiff's status at time complaint is filed determines whether the provisions of § 1915 apply); *Kilman v. Williams,* 831 Fed. App'x 396, 398 (10th Cir. 2020) ("Section 1915(b)(1)'s partial-payment fee provisions apply to [plaintiff] because at the time he filed this appeal, he was a pretrial detainee at a Colorado county detention center.").

The Tenth Circuit has held that where, as here, the plaintiff-inmate fails to submit the account statement, courts may dismiss the case. *See, e.g., Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with" § 1915(a)); *Gonzales v. Bernalillo Cty. Dist. Ct.*, 640 Fed. App'x 759, 762 (10th Cir. 2016) (same). Accordingly, the Court will dismiss the Complaint (Doc. 1) without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th

Cir. 2003). The Court will also deny the Motion to Proceed *In Forma Pauperis* (Doc. 3) as moot.

If Munoz seeks relief, he must file a new complaint along with a new motion to proceed *in forma pauperis*. Munoz is reminded that "the statute of limitations for a § 1983 claim in New Mexico is three years." *Schrader v. Richardson*, 461 Fed. App'x 657, 660 (10th Cir. 2012). The Complaint indicates his claims arose in either "September/October of 2019" or "September/October 2021." Doc. 1 at 4, 6. He must submit his new complaint promptly to avoid a potential time-bar. Munoz is also reminded that he must file his own pleadings using his own physical address; *pro se* parties cannot litigate on behalf of others. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (noting "the competence of a layman is clearly too limited to allow him to risk the rights of others").

**IT IS ORDERED** that Plaintiff Luis Mendoza Munoz's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE**; his Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **DENIED AS MOOT**; and the Court will enter a separate judgment dismissing this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Munoz a blank § 1983 civil rights complaint and a blank motion to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

                                         **KEA W. RIGGS**
                                         **UNITED STATES DISTRICT JUDGE**